IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA   DIVISION

**THOMAS LEE SHEPPARD**                                                                           **PLAINTIFF**


**V.**                                    **CASE NO 2:10CV00198 JMM**

**MICHAEL ASTRUE,**
**Commissioner**
**Social Security Administration**                                                                **DEFENDANT**

### ORDER

Plaintiff has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").

On July 29, 2008, Plaintiff filed an application for DIB contending that he became disabled on July 14, 2008.  (Tr. 8).  He contended that he was disabled and unable to work due to diabetes, back problems, vision problems, high blood pressure, knee problems, and mental problems.  (Tr. 38).  Plaintiff's application was  denied on October 21, 2008, (Tr. 8)  and pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on October 19, 2009.  (Tr. 22-29).  The Plaintiff who was represented by counsel testified at the hearing concerning his disability.  (Tr. 22-29).

On December 4, 2009,  the ALJ issued a decision denying Plaintiff's applications for benefits. (Tr. 8-16).   The Appeals Council denied her request for review of that decision (Tr. 1-3) and Plaintiff subsequently filed this appeal.  The parties have briefed the issues.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.

1

*Wildman v. Astrue*, 596 F.3d 959, 963 (8th Cir. 2010); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).

In assessing the substantiality of the evidence, the Court takes into account the evidence that fairly detracts from the ALJ's decision. *Tilley v. Astrue,* 580 F.3d 675, 679 (8th Cir. 2009). The Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Id.*

Plaintiff was born on November 24, 1951, making him 57 years old at the time of the hearing. (Tr. 67). He completed the eleventh grade and his GED. (Tr. 168). Plaintiff's past relevant work consisted of being a boat pilot. (Tr. 22-28, 105).

The ALJ evaluated the evidence in Plaintiff's case by way of a sequential evaluation process established by the Social Security Administration. *See* 20 C.F.R. §§ 404.1520 and 416.920. The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2013, and has not engaged in substantial gainful activity since July 14, 2008. (Tr. 10). These findings are not disputed.

At the next step of the evaluation, the evidence must show that the claimant has a severe impairment, defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The ALJ found that claimant had severe impairments of diabetes mellitus, vision problems, high blood pressure, knees and mental problems. (Tr. 10). The ALJ found that Plaintiff's impairments would cause more than minimal functional limitations in Plaintiff's ability to perform basic work activities and would be "severe" within the meaning of the Act's

Regulations. (Tr. 10). The ALJ also found that the Plaintiff had a non-severe affective disorder impairment. (Tr. 10).

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 10-11). In reaching this conclusion, the ALJ considered the impairments under

§12.00C, §9.08, and §1.00 of the Listings of Impairments. (Tr. 10-11). The ALJ specifically found that (1) Plaintiff's diabetes mellitus had not been accompanied by evidence of diabetic nureopathy recurrent acidosis or retinitis proliferans as required under Listing § 9.08; (2) Plaintiff's diabetes could be controlled with diet and medications; and (3) Plaintiff's hypertension was without end organ damage. (Tr. 11-12).

Finally the ALJ found that Plaintiff has the residual functional capacity to perform the full range of light work as defined in 20 C.F. R. 404.1567(b) and 416.967(b) and that he could perform his past relevant work as a boat pilot. (Tr. 12-15).

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).[1]

---

[1] Plaintiff testified that as a boat pilot he stood approximately 4 hours in a 12 hour work day, sat approximately 8 hours in that same time, and did not lift more than 15 or 20 pounds. (Tr. 27-29).

The medical evidence supports the ALJ's opinion.  Dr. Sudhir Kumar, M.D., conducted a consultative general physical examination to make a disability determination for Social Security Administration on September 29, 2008.  (Tr. 161-165).  Dr. Kumar reported that Plaintiff had normal vision (Tr. 162), normal range of motion except that Plaintiff experienced pain with full flexion of the knees and squatting and rising from a squatting position (Tr. 164), and that he could not walk on his heels and toes (Tr. 164).[2]  A lumbar spine x-ray revealed mild degenerative joint disease.  (Tr. 167).  Dr. Kumar diagnosed degenerative joint disease in the knees and lumbar spine, diabetes mellitus, diabetes related retinopathy, and memory problems caused by possible early dementia.  (Tr. 165).  Dr. Kumar concluded that Plaintiff's physical abilities were "limited severely."  (Tr. 165).[3]

On November 19, 2008, Dr. Kumar diagnosed, by x-ray, mild to moderate degenerative joint disease in Plaintiff's right knee and mild to moderate degenerative joint disease mainly involving medial condylar space in the left knee.  (Tr. 203).

Plaintiff contends that Dr. Kumar's conclusion that he was severely limited in his physical abilities proves that the ALJ was wrong in his opinion that Plaintiff could do the full range of light work.  However, there is nothing in Dr. Kumar's examination which supports his conclusory statement that Plaintiff was physically severely limited.  "An ALJ should ordinarily give substantial weight to a treating physician's opinion. . . but if the opinion is inconsistent with

---

[2]The ALJ incorrectly stated that Dr. Kumar reported that Plaintiff could walk on heels and toes.  (Tr. 13).  Dr. Kumar reported the opposite.  (Tr. 164).

[3]For the purposes of this Opinion, although it is hard to read Dr. Kumar's handwriting, the Court assumes that Dr. Kumar wrote "physical abilities severely limited" at the conclusion of the medical report.  This is the conclusion of the state agency physician Ronald Crow.  (Tr. 179).

or contrary to the medical evidence as a whole, the ALJ can accord it less weight." *Cf. Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (citations omitted). Here, Dr. Kumar came to a conclusion that was not supported by the his own medical examination or by the medical evidence as a whole. *Cf. Medhaug v. Astrue*, 578 F.3d 805, 815 (8th Cir.2009) (because the record must be evaluated as whole, treating physician's opinion does not automatically control). In addition, Dr. Kumar completed this consultative physical examination on only one occasion. *See Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not substantial evidence).

      Dr. Ronald Crow, M.D., completed a Physical Residual Functional Capacity Assessment on October 7, 2008. (Tr. 173-182). He found that Plaintiff could (1) occasionally lift and carry 50 pounds; (2) frequently lift and carry 25 pounds; (3) stand and walk about six hours in an 8 hour workday; (4) sit about 6 hours in an 8 hour workday; and (5) push and pull in an unlimited range. (Tr. 174). He also found that Plaintiff had no postural, manipulative, visual, communicative, or environmental limitations. (Tr. 175-177). He assessed that Plaintiff's Residual Functional Capacity as medium. (Tr. 179-180). This assessment took into account medical records which also specifically addressed Plaintiff's diabetes and the effects of that diabetes. (Tr. 180).

      Dr. David Hicks, M.D., completed a Physical Residual Functional Capacity Assessment on December 1, 2008. (Tr. 204-211). He found that Plaintiff could (1) occasionally lift and carry 20 pounds; (2) frequently lift and carry 10 pounds; (3) stand and walk about six hours in an 8 hour workday; (4) sit about 6 hours in an 8-hour workday; and (5) push and pull in an unlimited range. (Tr. 205). He also found no visual limitations (Tr. 207) and assessed

Plaintiff's Residual Functional Capacity as light. (Tr. 210).

Dr. Charles M. Spellmann, Ph. D., completed a mental diagnostic evaluation of Plaintiff on September 30, 2008. (Tr. 168-171). He found that Plaintiff had an adjustment disorder with mixed emotional features. (Tr. 170). However, he concluded that (1) Plaintiff's mental impairments did not significantly interfere with Plaintiff's day to day adaptive function; (2) Plaintiff could communicate and interact in a socially adequate manner; (3) Plaintiff communicates intelligibly and effectively; (4) Plaintiff copes with the cognitive demands of work like tasks; (5) Plaintiff is able to sustain concentration and persistence in completing tasks; and (6) Plaintiff can complete tasks within an acceptable time frame. (Tr. 170). In a November 29, 2008 exam, Dr. Kumar stated that Plaintiff had a history of depression, but was not having any current problems. (Tr. 182).

Dr. Kay M. Gale, M.D., completed a Psychiatric Review Form in October of 2008 finding that Plaintiff had a non-severe affective disorder. (Tr. 183). Dr. Gale reported that Plaintiff had an adjustment disorder with mixed emotional features. (Tr. 186). Dr. Gale found that Plaintiff was only mildly limited in his restriction of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace, and had no episodes of decompensation. (Tr. 193). Dr. Gale noted that Plaintiff had not undergone any mental health treatment and that he did not take any psychological medications. (Tr. 195). She found Plaintiff's disorder with mixed emotional features to be non-severe. (Tr. 195).

Dr. Jay Rankin, M.D., concurred in a response to a Request for Medical Advice. (Tr. 199).

The medical records addressing Plaintiff's diabetes reflect that his diabetes was under "excellent" control in October of 2007 and "good" control in October of 2008. (Tr. 152, 180). His hypertension was also under control in October of 2008. (Tr. 173, 180). An impairment which can be controlled by treatment or medication is not considered disabling. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2001). Dr. Kumar noted that Plaintiff's eyes were normal. (Tr. 162).

Plaintiff's testimony was that his back and knees caused him pain. When assessing a claimants subjective complaints of pain, an ALJ is required to consider all evidence related to: (1) a claimant's daily activities; (2) the duration, frequency, and intensity of a claimant's pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of a claimant's medication; and (5) functional restrictions. *Boettcher v. Astrue*, 652 F.3d 860, 864 (8th Cir. 2011) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984), *cert. denied*, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987)).

The record reflects that Plaintiff does not take any pain medication other than acetaminophen as needed. (Tr. 131). Plaintiff testified that he babysits his grandchild on a daily basis. (Tr. 24). He testified that his high blood pressure was borderline. (Tr. 25). The August 8, 2008 Function Report record filled out by Plaintiff states that he shops, does some housework, plays chess with other people all the time, fishes every three to four months, hunts three to four times per year, visits and eats with others, occasionally drives, can count change and handle a savings account. (Tr. 100-101).

Plaintiff reported to Dr. Charles M. Spellman, Ph.D., during a mental diagnostic evaluation on November 30, 2008, that (1) he was staying home and taking care of a seven

month old; (2) he could do housework; and (3) he can cook, shop, drive, and manage money. (Tr. 168).

Moreover, three weeks prior to the October 2009 hearing, Plaintiff continued his past relevant employment by working temporarily as a boat pilot. (Tr. 22). "Seeking work and working at a job while applying for benefits are activities inconsistent with complaints of disabling pain." *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001). There is no evidence that Plaintiff had any difficulty working as a boat pilot in October of 2009 which was approximately 14 months after Plaintiff claimed he was disabled. Plaintiff's testimony is inconsistent with Plaintiff's complaints of disabling pain, mental problems, night blindness, high blood pressure, and diabetes complications.

Plaintiff also testified that at the time of the hearing he was collecting unemployment benefits and that he was actively seeking employment. (Tr. 23). While the Eighth Circuit has held that acceptance of unemployment benefits which entails an assertion of the ability to work is facially inconsistent with a claim of disability, this facial inconsistency is not automatically applied in every case and the negative inference is not sufficient, by itself, to negate a claimant's credibility. *See Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998). However, in this case, there is additional evidence, as stated above, which reflect other inconsistences.

In summary, the Court finds that there is substantial evidence in the record to support the Commissioner's denial of DIB to Plaintiff. Accordingly, Plaintiff's appeal is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this 27 day of February, 2012.

_____
James M. Moody
United States District Judge